T.C. Memo. 2012-359

UNITED STATES TAX COURT

EDWARD R. ZAMPELLA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2488-11.                          Filed December 26, 2012.

P and P's brother were appointed coexecutors of their mother's estate, which included a residence valued at $430,000. P's mother devised her entire estate to P and his brother "to be divided equally, share and share alike." P and his brother, as coexecutors of their mother's estate, transferred title to the residence to P in exchange for $215,000. On his 2008 tax return, P claimed the $8,000 first-time homebuyer credit.

<u>Held</u>: P is not entitled to the first-time homebuyer credit because he did not "purchase" the single-family home as that term is defined by I.R.C. sec. 36(c)(3)(A)(i).

<u>Sandy Freund</u>, <u>Lawrence M. Brody</u>, and <u>Frank Agostino</u>, for petitioner.

<u>Jessica R. Browde</u>, for respondent.

[*2]                    MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  Respondent determined a deficiency in

petitioner's 2008 Federal income tax of $8,000.  The sole issue for decision is

whether petitioner is entitled to the $8,000 first-time homebuyer credit (FTHBC)

under section 36 for 2008.[1]

<u>Background</u>

This case was submitted fully stipulated under Rule 122, and the stipulated

facts are so found.  We incorporate by reference the parties' stipulation of facts,

supplemental stipulation of facts, second supplemental stipulation of facts, and

accompanying exhibits.  Petitioner resided in the State of New Jersey when the

petition was filed.

On September 24, 2008, petitioner's mother, Maria Lee Zampella, died

leaving a Last Will and Testament (Will).[2]  In the Will petitioner's mother

appointed petitioner and petitioner's brother as coexecutors of her estate and

devised to them her "entire estate, real, personal and mixed, of whatsoever nature

---

[1]  Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[2]  Petitioner's father predeceased petitioner's mother.

**[*3]** and description, wheresoever the same be located, situated or found, * * * to be divided equally, share and share alike, for their own use and benefit."

Included in the property of the estate of Maria Lee Zampella (Estate), was a residence in Middletown, New Jersey (residence). The appraised fair market value of the residence on the date of death was $430,000.

By deed dated July 30, 2009 (Deed), petitioner and his brother, as "Grantors" in their representative capacities as "coexecutors of the Estate of MARIA LEE ZAMPELLA, DECEASED", transferred title of the residence to petitioner as "Grantee".[3] The Deed states that "[t]he Grantor grants and conveys (transfers ownership of) the * * * [residence] to the Grantee" and "[t]his transfer is made for the sum of * * * $215,000".

In a HUD-1, Settlement Statement, which was prepared for the closing of the transfer and also dated July 30, 2009 (HUD-1), petitioner and his brother, as "Coexecutors and beneficiaries of the Estate of Maria Lee Zampella" are listed as the "Seller" and petitioner is listed as the "Borrower". The HUD-1 indicates that $215,000 was transferred from the "Borrower" and provided to the "Seller". The $215,000 settlement proceeds related to the transfer were deposited into a trust

---

[3] A stamp on the Deed indicates that it was recorded among the land records of Monmouth County, New Jersey, on August 3, 2009.

**[*4]** account.  A check for $215,000 was subsequently issued to petitioner's brother from the trust account.

Petitioner timely filed a 2008 Federal income tax return.  Petitioner attached to that return a Form 5405, First-Time Homebuyer Credit, on which he claimed an $8,000 FTHBC related to his acquisition of the residence.

In a notice of deficiency respondent determined that petitioner was not entitled to the FTHBC.

Discussion

## I.  Burden of Proof

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Moreover, credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any credit claimed.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Segel v. Commissioner, 89 T.C. 816, 842 (1987).

Although petitioner contends that he satisfies the requirements of section 7491(a)(2), we need not decide whether the burden of proof shifts to respondent

**[*5]** with respect to factual issues under section 7491(a)(1) because our conclusions herein are based on a preponderance of the evidence. See Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005).

II. The First-Time Homebuyer Credit

As applicable herein, and as amended by the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, sec. 1006, 123 Stat. at 316, section 36 generally allows up to an $8,000 credit against an individual's Federal income tax if the individual qualifies as a first-time homebuyer who "purchased" a principal residence in the United States after April 9, 2008, and before December 1, 2009. Sec. 36(a), (h). Section 36(g), as amended, also provides that the FTHBC for the "purchase" of a principal residence after December 31, 2008, and before December 1, 2009, may be claimed on either the taxpayer's 2008 or 2009 Federal income tax return.

Section 36(c)(3)(A)(i) defines a "purchase" for purposes of the FTHBC as "any acquisition, but only if * * * the property is not acquired from a person related to the person acquiring such property". Siblings are excluded from the definition of related persons for FTHBC purposes. Secs. 36(c)(5), 267(b)(1),

**[*6]** (c)(4). However, under section 36(c)(5), related persons generally include an executor of an estate and a beneficiary of such estate.[4] Sec. 267(b)(13).

Respondent contends that petitioner did not "purchase" the residence within the meaning of section 36 because petitioner, a beneficiary of the Estate, acquired the residence from a "related person", i.e., an executor of the Estate.[5] Thus, respondent concludes that petitioner is not entitled to the FTHBC with respect to the residence. We agree with respondent's conclusion.

Petitioner does not dispute that he is a beneficiary of his mother's estate. Petitioner also does not dispute that he and his brother were appointed coexecutors of their mother's estate. In addition, the Deed indicates that petitioner and his brother, in their representative capacities as coexecutors of their mother's estate, transferred title of the residence to petitioner.[6] Furthermore, petitioner and his brother, as "Coexecutors and beneficiaries of the Estate of Maria Lee Zampella",

---

[4] Sec. 267(b)(13) provides one exception in regard of property sold or exchanged to satisfy a pecuniary bequest. The record indicates that this exception is inapplicable in the instant case, and petitioner does not contend otherwise.

[5] Respondent does not dispute that petitioner otherwise qualifies as a "first-time homebuyer" or that the residence is a "principal residence" for FTHBC purposes.

[6] The record contains no contract of sale or other agreement related to the residence.

**[*7]** are listed as the "Seller" on the HUD-1. Moreover, petitioner and his brother both signed the HUD-1 as "Seller", and petitioner signed as "Borrower". We find this evidence compelling. After review of the record as a whole, we conclude that petitioner acquired the residence from a related person, i.e., an executor of the Estate.

Petitioner contends that the form of the transaction does not properly reflect the substance of his acquisition of the residence. Petitioner urges us to treat his acquisition of the residence as a bifurcated transaction such that he acquired only a one-half interest in the residence from an executor of the Estate and acquired the remaining one-half interest from his brother directly. In this regard, petitioner invites us to ignore his brother's role as a coexecutor of the Estate for purposes of the FTHBC. We decline this invitation because the record indicates that petitioner acquired the residence from an executor of the Estate and the substance of the transaction accords with its form.[7] See Blueberry Land Co. v. Commissioner, 361 F.2d 93, 100-101 (5th Cir. 1966), aff'g 42 T.C. 1137 (1964).

_____

[7] Moreover, the Court of Appeals for the Third Circuit, the court to which this case is appealable (absent a stipulation to the contrary), has held that a taxpayer can challenge the tax consequences of an agreement as determined by the Commissioner "only by adducing proof which in an action between the parties to the agreement would be admissible to alter that construction or to show its unenforceability because of mistake, undue influence, fraud, duress, etc." Commissioner v. Danielson, 378 F.2d 771, 775 (3d Cir. 1967), vacating and remanding 44 T.C. 549.

**[\*8]**   In sum, we hold that petitioner, a beneficiary of the Estate, acquired the residence from an executor of the Estate, a related person under section 36(c)(5). Because petitioner acquired the residence from a related person, he did not "purchase" the residence within the purview of section 36(c)(3).  Thus, we sustain respondent's determination.[8]

Finally, in reaching the conclusions described herein, we have considered all arguments made by petitioner and, to the extent not expressly mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[8]  Because we sustain respondent's determination on the basis of the "related person rule" under sec. 36(c)(3)(A)(i), we need not, and do not, address his alternative ground for disallowance under sec. 36(c)(3)(A)(ii) dealing with the basis of the acquired residence.